NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | **Criminal No. 12-241 (SRC)** |
| Plaintiff, : | |
| v. : | **OPINION & ORDER** |
| LEON Z. ABNEY, : | |
| Defendant. : | |

**CHESLER**, District Judge

This matter comes before the Court upon the motion by Defendant Leon Z. Abney ("Defendant" or "Abney") for reconsideration of the Court's March 6, 2013 Order denying his motion to suppress evidence, specifically, a firearm and ammunition discovered in connection with Abney's December 20, 2011 arrest. In making that ruling, the Court carefully considered the evidence presented in connection with the motion, including the testimony of Abney himself and several law enforcement witnesses. As set forth in the Court's accompanying March 6, 2013 Opinion, the decision on the motion turned on the credibility of the witnesses, as Abney and the law enforcement witnesses gave competing versions of the arrest and attendant search. The Court evaluated the testimony, and for various reasons set forth in the Opinion, concluded that the law enforcement witnesses' testimony was more credible than Abney's testimony regarding the incident. Crediting the factual account based on the police officers' testimony, the Court

1

found that the search and seizure did not violate Abney's constitutional rights and denied the motion to suppress. The Government has opposed Abney's motion for reconsideration.

Local Civil Rule 7.1(i), which applies to criminal actions by virtue of Local Criminal Rule 1.1, creates a procedure by which a court may reconsider its decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision.  See Bryan v. Shah, 351 F.Supp.2d 295, 297 (D.N.J. 2005); Bowers v. Nat'l Collegiate Athletic Assoc., 130 F.Supp.2d 610, 612 (D.N.J. 2001).  Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the court before rendering its decision. See Bermingham v. Sony Corp. of Am., Inc., 820 F.Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); Carteret Sav. Bank, F.A. v. Shushan, 721 F.Supp. 705, 709 (D.N.J. 1989). Rather, reconsideration requires the movant to establish one of the following three grounds:  "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  See Banda v. Burlington County, 263 F. App'x 182, 183 (3d Cir. 2008) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

Defendant fails to satisfy any of the legal grounds warranting reconsideration.  Abney's motion, instead, consists of repeating many of the arguments previously raised in the motion to suppress concerning why, in his view, the testimony of the law enforcement witnesses is not credible.  In support of this position, he points to the same inconsistencies in their testimony that he brought to the Court's attention in the underlying motion. As the Court's opinion reflects, the Court considered those arguments and found the testimony identified by Abney as indicative of the police officers' lack of veracity to be on the whole of minor significance with regard to matters relating to Abney's stop, search and arrest.  On the other hand, the Court found the

2

Defendant's key testimony to fly in the face of common sense and simple logic.  Mere disagreement with the Court's evaluation and conclusion regarding the witnesses' credibility will not suffice to grant the extraordinary remedy of reconsideration.  See  Ivan v. City of Middlesex, 612 F. Supp. 2d 546, 551 (D.N.J. 2010); Yurecko v. Port Auth. Trans. Hudson Corp., 279 F. Supp. 2d 606, 609 (D.N.J. 2003).  The moving party bears a heavy burden that cannot be met through "recapitulation of the cases and arguments considered by the court before rendering its original decision." G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting Carteret Savings Bank, F.A. v. Shushan, 721 F.Supp. 705, 709 (D.N.J.1989)).

Accordingly,

**IT IS** on this 2nd day of May, 2013,

**ORDERED** that Abney's motion for reconsideration of the Court's March 6, 2013 Order denying his motion to suppress evidence [docket entry 33] be and hereby is **DENIED**.

   s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge